UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC VICTOR VANWIEREN,

    Plaintiff,

v.                                                                                    Case No. 1:20-cv-1205
                                                                                      Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied his applications for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff filed applications for benefits on February 12, 2019, alleging a disability onset date of January 15, 2007. PageID.54. The record reflects that plaintiff filed previous applications for DIB and SSI. In a decision entered on May 25, 2018, Administrative Law Judge (ALJ) Manh H. Nguyen found that plaintiff had not been under a disability, as defined by the Social Security Act, from January 12, 2007 (the alleged onset date) through May 25, 2018 (date of the decision). PageID.185-198. Defendant points out that the 2018 decision has not been re-opened, and that the relevant time period in this case runs from May 26, 2018, through March 25, 2020. Defendant's Brief (ECF No. 22, PageID.1254).

Plaintiff identified his disabling conditions as schizophrenia, bi-polar disorder, cognitive impairments, brain damage, anxiety, and depression. PageID.390. Prior to applying for

1

DIB, plaintiff completed the 12th grade and had past work as a cook, member of a remodeling crew, a factory worker, a farm laborer, and a fast-food worker. PageID.391. On March 30, 2020, ALJ JoErin O'Leary entered a decision denying benefits. PageID.54-66. ALJ O'Leary's decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016). This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). "If the

[Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a

3

significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ's DECISION

Plaintiff's application failed at the fifth step of the evaluation. At the first step, ALJ O'Leary found that plaintiff met the insured requirements of the Social Security Act through June 30, 2019, and that he has not engaged in substantial gainful activity since January 15, 2007, the alleged onset date. PageID.57. At the second step, the ALJ found that plaintiff had the following severe impairments: narrowing of the right knee joint; mood disorder; posttraumatic stress disorder (PTSD), borderline personality disorder; generalized anxiety disorder; paranoid schizophrenia; attention deficit hyperactivity disorder (ADHD); alcohol use disorder in sustained remission; cannabis use disorder in remission and an opioid use disorder in sustained remission. PageID.57. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.57-58.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR

4

> 404.1567(c) and 416.967(c) except the claimant can never climb ladders, ropes or scaffolds, kneel or crawl. The claimant can occasionally climb stairs and ramps. The claimant can frequently balance, stoop and crouch. The claimant can never perform commercial driving or operate moving machinery. The claimant can never work around hazards such as unprotected heights, or unguarded, uncovered moving machinery. The claimant can understand, remember and carryout simple instructions. The claimant can tolerate occasional changes in a routine work setting. The claimant can never deal with the general public. The claimant can occasionally deal with coworkers and supervisors. The claimant can perform work that requires a math level of 1.

PageID.59-60.  The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.64.

At step five, the ALJ determined that plaintiff could perform other, unskilled jobs existing in the national economy at the medium exertional level.  PageID.65.  Specifically, the ALJ found that plaintiff could perform the requirements of occupations in the national economy such as packager (58,000 jobs), laundry worker (55,000 jobs), and production helper (61,000 jobs). PageID.65.  Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from January 15, 2007 (the alleged onset date) through March 30, 2020 (the date of the decision).  PageID.66.

### III. DISCUSSION

Plaintiff has raised three errors on appeal.

**A.  The ALJ committed reversible error by failing to acknowledge the previous ALJ Decision and then by failing to apply Sixth Circuit precedent.**

Contrary to plaintiff's contention, the ALJ acknowledged that plaintiff had a previous decision, found no reason to reopen the prior determination, and further found that "since the claimant's amended alleged onset date intrudes upon that previously adjudicated period, I am bound to consider only the unadjudicated period beginning May 26, 2018."  PageID.55.  Here, plaintiff does not object to the ALJ's failure to re-open the May 25, 2018 decision.  Rather, plaintiff

contends that the ALJ adopted the residual functional capacity (RFC) from the previous decision and did not follow the guidance set out in *Earley v Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018).

"When an individual seeks disability benefits for a distinct period of time, each application is entitled to review." *Earley*, 893 F.3d at 933. An ALJ can properly consider a previous ALJ's RFC determination. *See id*. at 934 (an ALJ's "fresh review" is not a "blind review"). However, an ALJ cannot treat the RFC set out in a prior decision as a mandatory starting point for the analysis. "[I]t is fair for an administrative law judge to take the view that, absent new and additional evidence, the first administrative law judge's findings are a legitimate, albeit not binding, consideration in reviewing a second application." *Id*. at 933.

The question for the Court is whether the ALJ performed an "independent review" of plaintiff's new claim. *See id*. at 932. Based on this record, the Court concludes that ALJ O'Leary did not perform a fresh or independent review. Rather, the ALJ stated that Acquiescence Rulings 98-3(6) and 98-4(6) "require me to adopt certain findings from prior decisions made under the same title unless there is new and material evidence." PageID.55. The ALJ went on to state,

> I find that no new and material evidence exists pertaining to the current period of adjudication that would provide a basis for finding a different residual functional capacity. While the claimant's representative argues that the claimant's condition has worsened, I find that any such purported changes are not material. Therefore, I conclude that no significant new and material evidence exists to justify not adopting the residual functional capacity from the previously adjudicated period.

*Id*.

Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate plaintiff's RFC. Pursuant to *Earley*, while the Commissioner can consider the RFC set forth in the May 25, 2018 decision as legitimate, that RFC is not binding on this claim which commenced on May 26, 2018.

### B. The ALJ committed reversible error by failing to support her RFC finding in this case and by failing to find that Plaintiff met Medical Listing 12.04.

#### 1. RFC

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. §§ 404.1545 and 416.945. The ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004) (internal quotation marks and brackets omitted). As one court stated, "a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (as amended Feb. 22, 2019).

Here, plaintiff contends that the ALJ failed to provide a logical explanation, because she went straight from listing evidence to stating a conclusion. The gist of plaintiff's claim is that the ALJ "listed lots of normal findings to justify ignoring Dr. Heasley's conclusions" given in a sworn statement, in which the doctor found that plaintiff met the requirements of Listing 12.04. Plaintiff's Brief (ECF No. 19, PageID.1245). In finding that plaintiff met Listing 12.04, his treating physician, Janet Heasley, D.O., opined that plaintiff was below average in his ability to understand, remember, and apply information, and could not interact with other people because he was always afraid to leave his home. PageID.1217.

In reaching the RFC, the ALJ considered plaintiff's medical records commencing from May 26, 2018, reviewed the opinions of Jessica Manning, Ph.D., Rebecca Haggerty, D.O., Dr. Heasley, and George Starrett, Ed.D., and explained how the records and opinions resulted in the RFC. PageID.60-64. Plaintiff does not address the legal standard applicable to evaluating

7

medical evidence or how the ALJ failed to comply with that standard in evaluating the medical evidence in this case in reaching the RFC. Accordingly, plaintiff's claim of error is denied.

### 2. Listing 12.04

Plaintiff contends that the ALJ erred by failing to find that he met the requirements for Listing 12.04 (Depressive, bipolar, and related disorders). A claimant bears the burden of demonstrating that he meets or equals a listed impairment at the third step of the sequential evaluation. *Evans v. Secretary of Health & Human Services*, 820 F.2d 161, 164 (6th Cir. 1987). In order to be considered disabled under the Listing of Impairments, "a claimant must establish that his condition either is permanent, is expected to result in death, or is expected to last at least 12 months, as well as show that his condition meets or equals one of the listed impairments." *Id*. An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20 C.F.R. §§ 404.1525(d) and 416.925(d). *See Hale v. Secretary of Health & Human Services*, 816 F.2d 1078, 1083 (6th Cir.1987) (a claimant does not satisfy a particular listing unless all of the requirements of the listing are present).

"When a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency." *Thacker v. Social Security Administration*, 93 Fed. Appx. 725, 728 (6th Cir 2004).

> For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.

*Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). If a claimant successfully carries this burden, the Commissioner will find the claimant disabled without considering the claimant's age, education and work experience. 20 C.F.R. § 404.1520(d).

The ALJ addressed the ¶B and ¶C portions of Listing 12.04 (which were also applicable to Listings 12.03, 12.06, 12.08, 12.11 and 12.15). PageID.58-59. Plaintiff did not address the elements of Listing 12.04 or explain how he met all of the criteria for each element of that listing. Plaintiff has failed to meet his burden with respect to Listing 12.04. Accordingly, plaintiff's claim of error is denied.

> **C. The Appointment of Andrew Saul as a single commissioner of the Social Security Administration who is removable only for cause and who serves a longer term than that of the President of the United States violates the separation of powers provision and thus causes the decision in this case to be constitutionally defective because the ALJ and the Appeals Council derived their authority from Saul.**

Finally, plaintiff has raised an argument claiming that "it is unconstitutional for an executive agency to be led by a single head who serves for a longer term than the President and can only be removed from his position for cause." Plaintiff's Brief (ECF No. 19, PageID.1246). Defendant has interpreted plaintiff's apparent constitutional argument as follows:

> Plaintiff argues that SSA's decision denying his disability benefits claim was constitutionally defective because the Social Security Act provision that limits the President's authority to remove the Presidentially-appointed, Senate-confirmed Commissioner of Social Security without good cause, 42 U.S.C. § 902(a)(3), violates the separation of powers.

Defendant's Brief (ECF No. 22, PageID.1261).

Plaintiff's claim is without merit. In rejecting this argument, one court explained:

> The Court first finds that Commissioner's final decision was not constitutionally defective. Recently, in *Collins v. Yellen*, 141 S. Ct. 1761 (2021), the Supreme Court held that where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction caused his alleged harm. In *Collins*, the Court reasoned that the relevant agency officials were "properly appointed" pursuant to a statute that exhibited "no constitutional defect in the . . . method of appointment" and that "the unlawfulness of [a] removal provision" does not strip [an official] of the power to undertake the other responsibilities of his office[.]" The Court continued that "there is no reason to regard any of the actions taken" by the agency during this period "as void." *Id*. at

9

>       1787,1788 n. 23.  In this case, Plaintiff, as in *Collins*, grounds his constitutional challenge only on the relevant removal restriction not on the propriety of the Commissioner's appointment and offers no evidence to show that there is a nexus between the unconstitutional removal restriction and the denial of his application for disability benefits.  The Plaintiff simply argues that all actions taken by the Commissioner – and in turn his appointed ALJ's – are void due to the unconstitutional removal provision.  However, *Collins* expressly rejects this view.  *Id*.  Therefore, the final decision of the ALJ is not constitutionally defective.

*Boger v. Kijakazi*, No. 1:20-CV-00331-KDB, 2021 WL 5023141 at *3 (W.D.N.C. Oct. 28, 2021) (footnote omitted).  Plaintiff has offered no evidence to show that there is a nexus between the unconstitutional removal restriction and the denial of her applications for benefits.  Accordingly, this claim of error is denied.

## IV. CONCLUSION

For these reasons, this matter will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner is directed to re-evaluate plaintiff's RFC.  Pursuant to *Earley*, while the Commissioner can consider the RFC set forth in the May 25, 2018, decision as legitimate, that RFC is not binding on this claim which commenced on May 26, 2018.  A judgment consistent with this opinion will be issued forthwith.


Dated:  September 13, 2022                    /s/ Ray Kent
                                              RAY KENT
                                              United States Magistrate Judge